IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01832-PAB

SUZAM ENTERPRISES, LLC, and
SUZANNE WOODARD, individually and as personal representative of the Estate of Palmer Kauffman,

    Plaintiffs,

v.

ACE AMERICAN INSURANCE COMPANY d/b/a CHUBB,

    Defendant.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on plaintiffs' Complaint and Jury Demand [Docket No. 1]. Plaintiffs assert that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 5.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is

irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiff asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The facts presently alleged are insufficient to determine the citizenship of any party.

First, the complaint alleges that "Plaintiff Suzam Enterprises, LLC is a limited liability company registered in the State of Colorado." Docket No. 1 at 1, ¶ 1. This allegation is inadequate to determine Suzam Enterprises, LLC's citizenship. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). Accordingly, whether Suzam Enterprises, LLC is "registered in the

2

State of Colorado" is irrelevant in the determination of its citizenship. Because the complaint does not allege the members of Suzam Enterprises, LLC or the citizenship of those members, the Court is currently unable to determine the citizenship of plaintiff Suzam Enterprises, LLC.

Second, plaintiffs have failed to establish the citizenship of plaintiff Suzanne Woodard. The complaint states that "Plaintiff Suzanne Woodard as personal representative of the Estate of Palmer Kauffman resides in the State of Colorado." Docket No. 1 at 1, ¶ 2. However, "an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). Residency is not synonymous with domicile, *see Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."). Rather, "[t]o establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Cummings*, 445 F.3d at 1260. As such, the allegations regarding Ms. Woodard's residence do not permit the Court to make a finding as to her citizenship.

Finally, the facts currently alleged are insufficient to determine defendant Ace American Insurance Company's citizenship. The complaint alleges that defendant "is an insurance company with its principal place of business in Pennsylvania." Docket No. 1 at 1, ¶ 4. Plaintiffs do not specify what type of entity Ace American Insurance Company is. This information is critical to the Court's jurisdictional analysis because,

while a corporation is deemed to be a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), the citizenship of other business entities – for example, a limited liability company – is determined differently. *See Siloam Springs Hotel*, 781 F.3d at 1237-38. Further, even assuming that defendant is a corporation, the present allegations are insufficient to determine defendant's citizenship because the complaint does not allege the state in which defendant is incorporated. As a result, the Court is unable to determine defendant's citizenship.

Because the allegations are presently insufficient to allow the Court to determine the citizenship of any party or whether the Court has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (internal quotation marks omitted)), it is

**ORDERED** that, on or before **September 16, 2019**, plaintiffs shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED September 4, 2019.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge